UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Donna Vitale,

    Plaintiff,

v.                                    Case No. 16-12654

Commissioner of Social Security,         Sean F. Cox
                                                United States District Court Judge

    Defendant.

_____/

## OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART 9/1/2017 REPORT AND RECOMMENDATION

### Background

Plaintiff Donna Vitale brought this action pursuant to 42 U.S.C. § 405(g), challenging Defendant Commissioner of Social Security's decision disallowing benefits. The parties filed cross-motions for summary judgment (Doc. # 14 and 18), which were referred to Magistrate Judge Stephanie Dawkins Davis for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). On September 1, 2017, the magistrate judge issued an R&R (Doc. # 20) wherein she recommended that Plaintiff's motion be granted, Defendant's motion be denied, the findings of the Commissioner be reversed, and that the matter be remanded for further proceedings.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a magistrate judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* Defendant timely

1

filed objections to the R&R (Doc. # 21) and Plaintiff has responded (Doc. # 22).

## Analysis

### I. The Opinion of Dr. Petrilli

The Commissioner's first three objections pertain to the magistrate judge's determination that the Administrative Law Judge ("ALJ") erred in its assessment of the opinion of one of Plaintiff's treating physicians, Dr. Anthony Petrilli. The magistrate judge concluded that the ALJ failed to properly apply the analysis set forth in *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013), for deciding whether a treating physician's opinion should be given controlling weight. The magistrate judge concluded that the ALJ failed to provide good reasons for discounting the weight of Dr. Petrilli's opinion because she failed to discuss whether Dr. Petrilli's opinion was well-supported by medically acceptable clinical and laboratory diagnostic techniques and failed to properly assess the opinion's inconsistency with other substantial evidence. The magistrate judge opined that the ALJ's decision failed to articulate what medical evidence was relied upon for its decision to discount the weight of Dr. Petrilli's opinion. The magistrate judge also determined that these errors were not harmless. Accordingly, the magistrate judge recommended reversing and remanding for further proceedings.

Generally, "an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination . . ." *Gayheart*, 710 F.3d at 375; 20 C.F.R. § 404.1502; § 404.1527(c)(1). "Treating-source opinions must be given 'controlling weight' if two conditions are met: (1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.' " *Id*. at 376, quoting § 404.1527(c)(2).

The Commissioner must provide "good reasons" for discounting the weight given to a treating-source opinion. *Id.*, citing § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.*, quoting Soc. Sec. Rul. No. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This requirement permits meaningful review of the ALJ's application of these procedural rules by ensuring that it will be sufficiently clear to subsequent reviewers the weight given to the treating source's medical opinion and the reasons for that weight. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

In this case, the ALJ addressed Dr. Petrilli's opinion as follows:

> The opinions of Anthony Petrilli, MD, set forth in 18F, are given little weight, as the medical evidence of record and the claimant's activities of daily living do not support the marked limitations (18F/102). Further, there is not significant durational treatment of the claimant by Dr. Petrilli, (18F/1-2 and 4-5). Also, Dr. Petrilli noted his belief that the claimant is disabled (18F/3). However, this is a matter reserved to the Commissioner of Social Security, under Social Security Ruling 96-5p, so this statement is not entitled to any weight. Finally, a portion of the opinion is not signed by Dr. Petrilli (18F/4-5) and this also renders it less persuasive.

The ALJ's Decision (Doc. # 10-2, p. 20).

Respectfully, the Court disagrees with the magistrate judge's report and recommendation and concludes that the ALJ met its obligation to provide good reasons for giving less weight to Dr. Petrilli's opinion. To be given controlling weight, a treating source opinion must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" *and* not be "inconsistent with other substantial evidence in [the] case record." *Gayheart*, 710 F.3d at 376. The Court agrees with the magistrate judge that the ALJ failed to identify how Dr. Petrilli's

3

opinion was not well-supported by medically acceptable clinical and laboratory diagnostic techniques. But this omission is not fatal to the ALJ's analysis. For Dr. Petrilli's opinion to be entitled to controlling weight, both prongs enumerated in *Gayheart* had to be met.

The ALJ's decision stated that "the medical evidence of record and Plaintiff's activities of daily living do not support marked limitations." (Doc. # 10-2, p. 20). Although the ALJ did not expressly discuss this evidence in the portion of its decision declining to give Dr. Petrilli's opinion controlling weight, this is not an instance where the Court cannot determine what evidence the ALJ relied upon to substantiate her conclusion. *See Dickey-Williams v. Comm'r of Soc. Sec.*, 975 F.Supp.2d 792, 804 (E.D. Mich. 2013). The ALJ's assessment of Dr. Petrilli's opinion, read together with the ALJ's decision as a whole, *see Athey v. Comm'r of Soc. Sec.*, 2014 WL 4537317 at *4 (E.D. Mich. 2014); *Rice v. Barnhart*, 384 F.3d 363, 370 n. 5 (7th Cir. 2004) ("[I]t is proper to read the ALJ's decision as a whole . . ."), is sufficiently specific to indicate the ALJ's good reasons for determining that Dr. Petrilli's opinion was inconsistent with the other substantial evidence in the case record. *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007) (deferring to the ALJ's decision not to give treating physician opinions controlling weight where they were inconsistent with the overall evidence of record).

Dr. Petrilli's opinion identified marked limitations in the areas of understanding and memory, sustained concentration and persistence, social interaction, and adaptation (Doc. # 10-14, pp. 2-6). The ALJ's decision, however, specifically addressed the substantial evidence rebutting the notion that Plaintiff has marked limitations in activities of daily living, maintaining social functioning, or in maintaining concentration, persistence or pace. Based on Plaintiff's own testimony, the ALJ found that Plaintiff has no restriction in activities of daily living and that

4

she completes household tasks without difficulty. (Doc. # 10-2, p. 16). Plaintiff also acknowledged engaging in social activities, including spending time with her boyfriend and a best friend, as well as routinely going to the coffee shop to meet with other friends. (Doc. # 10-2, p. 19). As for Plaintiff's medical records, the ALJ relied on a consultive examination that noted that she had only "very mild impairment of short-term working memory, word recall, and emotional liability . . . although symptoms appear to be generally resolving and managed with medication." (Doc. # 10-2, p. 16). The ALJ also relied on testimony and progress notes indicating that Plaintiff's depression and anxiety had improved with medication and that her memory problems improved with speech therapy. (Tr. 17).

Additionally, the ALJ also considered and gave some weight to the opinion evidence of the State Agency medical and psychological consultants, who opined that Plaintiff could do simple, light work. While ALJ's decision to not give controlling weight to a treating physician's opinion may not be based solely on the medical opinions of nontreating and nonexamining doctors, *Gayheart*, 710 F.3d at 377, this limitation does not categorically prevent an ALJ from considering such opinions when evaluating a treating physician's opinion. *See id*. At 379-80 ("[A] properly balanced analysis might allow the Commissioner to ultimately defer more to the opinions of consultive doctors than to those of treating physicians."). Where, as here, the ALJ also considered Plaintiff's medical records and testimony regarding her activities of daily living, the ALJ was not precluded from also considering the other opinion evidence that was in tension with Dr. Petrilli's opinion.

This case is distinguishable from *Gayheart*, in which the reviewing court could not determine what the problem with the treating physician's opinion was. *Gayheart*, 710 F.3d at

377.  Read as a whole, the ALJ's decision provided good reasons by addressing specific evidence that justified her conclusions that Dr. Petrilli's opinion was inconsistent with substantial evidence.  The ALJ was therefore within her "zone of choice" when she chose not to give Dr. Petrilli's opinion controlling weight.  *Felisky v. Brown*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Dickey-Williams*, 975 F.Supp.2d at 805.

Finally, having declined to give Dr. Petrilli's opinion controlling weight, the ALJ also appropriately assessed the weight to be given to the opinion based on the factors in 20 C.F.R. § 404.1527(c).  The ALJ's decision referred to the length of the treatment relationship, the degree to which Dr. Petrilli's opinion is consistent with the record as a whole, and whether it is supported by relevant evidence.  And although the magistrate judge is correct that the ALJ failed to note that Dr. Petrilli has a specialty in neuropsychiatry, a factor the ALJ should have considered, the Court nonetheless finds the "good reasons" requirement met.  The regulations do not mandate "an exhaustive factor-by factor analysis," *Francis v. Comm'r of Soc. Sec.*, 414 Fed App'x 802, 804 (6th Cir. 2011), and the Court finds that the record taken as a whole gives adequate and "sufficiently specific" reasons for the weight given to Dr. Petrilli's opinion and the reasons for that weight.  Accordingly, the Court rejects the R&R to the extent it recommends a remand for further evaluation of the opinion of Dr. Petrilli.

Finally, because the Court concludes that the ALJ provided good reasons for assigning less than controlling weight to Dr. Petrilli's opinion, the Court need not address Defendant's objections that the magistrate judge erred by "appear[ing] to downplay the significance of Dr. Boneff's July 2013 mental status findings" or by finding that the ALJ's purported error in evaluating Dr. Petrilli's opinion was not harmless.

6

## II. The Opinion of Dr. Kosal

The ALJ's decision also declined to give controlling weight to another treating physician, Dr. Linda Kosal, stating:

> The medical statements of Linda Kosal, DO at 21F is also given some weight. She opines that the claimant is able to engage in a range of light exertional work, albeit on a part time basis. The limitation to light work is consistent with the medical evidence and is consistent with the residual functional capacity assessment. However, the limitation to part time work is not supported by, nor consistent with the objective medical evidence of record, including diagnostic and clinical findings. As such, her opinion is given some weight but is not entitled to controlling weight (Doc. # 10-2, p. 20).

The magistrate judge concluded that the ALJ failed to conduct any analysis regarding whether Dr. Kosal's opinions were entitled to controlling weight and that the ALJ's decision is plainly lacking under *Gayheart*. Defendant objects to this conclusion and argues that the ALJ gave sufficient reasons for assigning some weight to Dr. Kosal's opinion.

At the outset, the Court rejects the Government's suggestion that this issue was not presented to the magistrate judge. Plaintiff raised this issue in her Motion for Summary Judgment, arguing that the ALJ erred because "there are no-valid reasons cited for the various weights of the evidence assigned to the medical experts" and identifying Dr. Kosal as one of those experts (Doc. # 14 p. 27-28).

As to the merits of the Government's objection, even assuming *arguendo* that the ALJ correctly determined that Dr. Kosal's opinion should be discredited because it was not supported by substantial evidence, the Court agrees with the magistrate judge that the ALJ's decision falls short of the agency's procedural requirements. When an ALJ finds that a treating source medical opinion is inconsistent with other substantial evidence in the case record, that opinion is still entitled to deference and must be weighed using the factors in 20 C.F.R. § 404.1527(c). *Blakley*

*v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009).  Here, the ALJ merely stated that Dr. Kosal's opinion limiting Plaintiff to part time work was not supported by or consistent with the objective medical evidence of record.  This single-sentence analysis does not discuss any of the other § 1527(c) factors or otherwise assess the weight give to Dr. Kosal's opinion in light of those factors.  Based on these deficiencies, the Court agrees with the magistrate judge that the ALJ failed to provide "good reasons" for the weight given to Dr. Kosal's opinion and the reasons for that weight.  *See Gayheart*, 710 F.3d at 379-80.  Reversal is therefore required.  *Wilson*, 378 F.3d at 546.  The Court adopts the R&R to the extent that it recommends remanding for further evaluation of the opinion of Dr. Kosal.

## Conclusion

For the reasons stated above, IT IS ORDERED that the Court ADOPTS IN PART and REJECTS IN PART the September 1, 2017 R&R.  IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment be GRANTED IN PART, that Defendant's motion for summary judgment be DENIED, that the findings of the Commissioner be REVERSED, and that this matter be REMANDED for further proceedings under Sentence Four.

IT IS SO ORDERED.

                    s/Sean F. Cox
                    Sean F. Cox
                    United States District Judge

Dated:  September 28, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2017, by electronic and/or ordinary mail.

                    s/Jennifer McCoy
                    Case Manager