UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA VITALE,                                    Case No. 16-12654

        Plaintiff                               Sean F. Cox
v.                                              United States District Judge

COMMISSIONER OF SOCIAL                          Stephanie Dawkins Davis
SECURITY,                                       United State Magistrate Judge

        Defendant.
_____/

## REPORT AND RECOMMENDATION
## MOTION FOR EAJA FEES (Dkt. 25)

## I.    PROCEDURAL HISTORY

On April 24, 2013, plaintiff Donna Vitale filed claims for period of

disability, disability insurance benefits, and supplemental security income, alleging

disability beginning June 7, 2012, which she later amended to March 4, 2013.  (Tr.

11).[1]  The Commissioner initially denied Vitale's disability application on August

29, 2013.  *Id.*  Thereafter, Vitale requested an administrative hearing, and on

November 3, 2014, she appeared with counsel before Administrative Law Judge

("ALJ") Patricia S. McKay, who considered her case *de novo*.  (Tr. 28-105).  In a

January 30, 2015 decision, the ALJ determined that Vitale was not disabled within

_____

[1] Citations to the Social Security transcript will be identified as "Tr." and the transcript
can be found at Docket Entry 10.

1

the meaning of the Social Security Act.  (Tr. 7-22).  The ALJ's decision became the final decision of the Commissioner on May 16, 2016, when the Social Security Administration's Appeals Council denied Vitale's request for review.  (Tr. 1-6).

On July 16, 2016, Vitale filed the instant suit seeking judicial review of the Commissioner's decision disallowing benefits.  (Dkt. 1).  Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Sean F. Cox referred this matter to the undersigned to review the Commissioner's decision denying Vitale's claims.  (Dkt. 3).  The undersigned recommended that Vitale's motion be granted and that this matter should be remanded under Sentence Four for further proceedings.  (Dkt. 20).  The report and recommendation was adopted in part by Judge Cox and judgment entered in Vitale's favor.  (Dkt. 23, 24).

Subsequently, Vitale filed a motion for fees and costs under the Equal Access to Justice Act (EAJA).  (Dkt. 25).  Defendant responded (Dkt. 26) and Vitale replied.  (Dkt. 28).  Judge Cox referred this matter for report and recommendation to the undersigned.  (Dkt. 27).  This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED**; and (2) that fees in the amount of $5,512.50 be awarded to plaintiff, subject to an amended EAJA petition if this report and recommendation is adopted.

## II.   DISCUSSION

### A.   The Opinion and Order (Dkt. 23)

In its Opinion and Order, the District Court adopted portions of the

undersigned's Report and Recommendation and remanded the matter for further

proceedings under Sentence Four.  (Dkt. 23).  Specifically, the District Court

concluded that the ALJ "met its obligation to provide good reasons for giving less

weight" to Dr. Anthony Petrilli's opinion.  (Dkt. 23, p. 3).  Thus, the Court

sustained the Commissioner's objection and found that the ALJ was within the

"zone of choice when she chose not to give Dr. Petrilli's opinion controlling

weight."  (Dkt. 23, p. 6).

However, the District Court overruled objections pertaining to the opinions

of Dr. Linda Kosal, concluding instead that reversal and remand were required

under Sentence Four:

> As to the merits of the Government's objection, even
> assuming arguendo that the ALJ correctly determined
> that Dr. Kosal's opinion should be discredited because it
> was not supported by substantial evidence, the Court
> agrees with the magistrate judge that the ALJ's decision
> falls short of the agency's procedural requirements.
> When an ALJ finds that a treating source medical opinion
> is inconsistent with other substantial evidence in the case
> record, that opinion is still entitled to deference and must
> be weighed using the factors in 20 C.F.R. § 404.1527(c).
> *Blakley v. Comm'r of Soc. Sec*., 581 F.3d 399, 408 (6th
> Cir. 2009).  Here, the ALJ merely stated that Dr. Kosal's
> opinion limiting Plaintiff to part time work was not
> supported by or consistent with the objective medical

evidence of record.  <u>This single-sentence analysis does not discuss any of the other § 1527(c) factors or otherwise assess the weight give[n] to Dr. Kosal's opinion in light of those factors.</u>  Based on these deficiencies, the Court agrees with the magistrate judge that the ALJ failed to provide "good reasons" for the weight given to Dr. Kosal's opinion and the reasons for that weight.  *See Gayheart*, 710 F.3d at 379-80.  Reversal is therefore required. *Wilson*, 378 F.3d at 546.

B. <u>Was the Commissioner's Position Substantially Justified</u>?

1.   Legal Standards

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. 28 U.S.C. § 2412(d) (1)(A).  While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); *Damron v. Soc. Sec. Comm'r*, 104 F.3d 853, 855 (6th Cir. 1997).  The burden rests with the Commissioner to establish that his position was substantially justified, *see Department of Labor Sec'y v. Jackson Cnty. Hosp*., 2000 WL 658843, at *3 (6th Cir. 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person."  *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir.

1989).  However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence "does not mean that it was not substantially justified."  *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir. 1997); *see also Couch v. Sec'y of Health & Hum. Servs.*, 749 F.2d 359, 359 (6th Cir. 1984).  There is no dispute that Vitale is a prevailing party and the government does not identify any special circumstances precluding an award of fees.  Thus, the only issue before the court is whether the Commissioner's position was substantially justified.

2.    The parties' arguments

The Commissioner argues that this case aligns with the type of cases described in *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 728 (6th Cir. 2014), where it was observed that "in the vast majority of cases, a position defending a final administrative decision despite its imperfections will be justified."  The Commissioner asserts that the remand in this case, like that in *DeLong*, involved a mere articulation error rather than a substantive error.  That is, the Commissioner maintains that the court remanded because the ALJ did not set forth sufficient findings to support her conclusion that Dr. Kosal's opinions merited partial instead of controlling, weight.  Hence, as in *DeLong*, the "fatal flaw in the ALJ's opinion" was not her finding that Dr. Kosal's opinion was not entitled to controlling weight,

but rather her failure to explain more clearly why that was true.  *See DeLong*, 748

F.3d at 727.  As the Sixth Circuit explained, such errors are procedural, rather than

substantive.  *Id*.  The Commissioner contends that this is not a case where the

record itself fails to support the ALJ's decision on the merits, or where the

evidence in the Vitale's favor was overwhelming enough to support a direct award

of benefits.  The Commissioner maintains that the ALJ's decision contains

numerous references to evidence that undermines the relevant portions of Dr.

Kosal's opinion.

Accordingly, the Commissioner asserts that her subsequent defense of the

ALJ's decision had a reasonable basis in law and fact.  The Commissioner argues

that further discussion of Dr. Kosal's questionnaire was neither required nor

material to the outcome, given the ALJ's express reliance on other evidence that

detracted from Dr. Kosal's opinion that Vitale was limited to part-time light work.

(Dkt. 18, pp. 29-30; Dkt. 21, pp. 16-17).  The Commissioner contends that there is

ample support for the agency's argument, even though the Court chose to go in a

different direction.

The Commissioner points to *Heston v. Comm'r of Soc. Sec*., 245 F.3d 528

(6th Cir. 2001), for the proposition that the ALJ is not required to support every

finding with examples or pinpoint cites and suggests its import extends to cases

where the ALJ offers only a cursory discussion of the treating source opinion but

the record itself supports the ALJ's stated reasons for discounting the opinion.  For

example, in *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778 (6th Cir. 2017), certiorari

granted, 138 S.Ct. 2677 (June 25, 2018), the ALJ wrote that the treating

physician's opinions were not supported by the objective medical evidence of

record, citing only MRI studies showing mild-to-moderate degenerative findings.

2017 WL 6605603, at *4.  The plaintiff argued that the ALJ's failure to elaborate

or cite other supportive evidence amounted to a failure to provide "good reasons"

under 20 C.F.R. § 404.1527(c).  *Id*.  The Sixth Circuit disagreed, finding that the

ALJ satisfied the good reasons requirement when she "provided a rationale and

referred to particular evidence in the record."  *Id*. at *5.  Relying on *Heston*, the

Court noted that "other evidence in the record also supports the ALJ's rationale,"

and "[w]e may consider this evidence, even if the ALJ failed to mention it."  *Id*.

The Commissioner argues that *Heston* and *Biestek* refute the notion that the

Commissioner "merely conduct[ed] another post-hoc analysis" by pointing to

evidence that supports the ALJ's observation that Dr. Kosal's opinion was

unsupported and inconsistent with Vitale's medical records.

The Commissioner says she also relied on evidence that the ALJ herself had

discussed elsewhere in her decision, thus strengthening the argument that the

ALJ's decision as a whole satisfied the basic procedural requirements of the good

reasons rule, even though the ALJ did not fold all of that evidence into her one-

paragraph discussion of Dr. Kosal's opinion.  (Dkt. 18, pp. 29-30; Dkt. 21 at 16-17).  The Commissioner asserts that given the authority cited, she was substantially justified in arguing that the ALJ's truncated analysis of Dr. Kosal's opinion was legally sufficient.

Moreover, the Commissioner argues that she was not obliged to concede the issue merely because the ALJ did not "discuss any of the other § 1527(c) factors." It is well-settled that "the ALJ need not perform an exhaustive, step-by-step analysis of each factor; she need only provide 'good reasons' for both her decision not to afford the physician's opinion controlling weight and for her ultimate weighing of the opinion."  *Biestek*, 880 F.3d at 785 (citing *Francis v. Comm'r of Soc. Sec.*, 414 Fed. Appx. 802, 804-05 (6th Cir. 2011) and *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406-07) (6th Cir. 2009)).  Here, the Commissioner maintains that she reasonably argued that the ALJ met that requirement when she explained that the support and consistency factors deprived Dr. Kosal's opinion of controlling weight, and that the same two factors justified giving the opinion only "some weight" on balance.  (Tr. 19).  *See Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 651 (6th Cir. 2009) (even a single-sentence analysis satisfied the good reason rule where it touched on multiple factors); *see also Norris v. Comm'r of Soc. Sec.*, 461 Fed. Appx. 433, 439 (6th Cir. 2012) ("Any record opinion, even that of a

treating source, may be rejected by the ALJ when the source's opinion is not well

supported by medical diagnostics or if it is inconsistent with the record.").

According to the Commissioner, here, the ALJ did not "ma[k]e an incorrect

decision, but simply needed to be more explicit in regard to why the decision was

made." *McKeel v. Comm'r of Soc. Sec.*, 2015 WL 5619848, at *4 (E.D. Mich.

Sept. 24, 2015).  A reasonable person could find that the Commissioner was right

to defend the case, even though this Court ultimately decided that remand was

necessary and thus, the Commissioner asks that Vitale's request for attorney fees

should be denied.  *See Pierce*, 487 U.S. at 566 n.2 (a "position can be justified

even though it is not correct, and … it can be substantially, (i.e., for the most part)

justified if a reasonable person could think it correct…."); *accord DeLong*, 748

F.3d at 725-26.

Vitale says the Commissioner's opposition was not substantially justified.

She contends that the ALJ's error was not a mere articulation error and does not

fall within the narrow class of classes described in *DeLong*.  As the Court

discussed in its Order remanding this case, the ALJ "failed to conduct any analysis

whether Dr. Kosal's opinions were entitled to controlling weight and that the

decision was plainly lacking under *Gayheart*."  In contrast to its conclusion

regarding the treatment of Dr. Kosal's opinions, the Court specifically found that

the ALJ was within her "zone of choice" when she chose not to give Dr. Petrilli's

opinion controlling weight.  (Dkt. 23, p. 6).  And the Court acknowledged that the

regulations did not mandate "an exhaustive factor-by-factor analysis" given the

record taken as a whole in relation to Dr. Petrilli's opinion.  On the other hand, the

decision simply did not incorporate Dr. Kosal's opinions finding that Vitale was

limited to part time employment with various additional restrictions into the

decision or in the subsequent RFC.  According to Vitale, nothing in the ALJ's

decision explained the omission of those limitations from Vitale's RFC.  Rather,

Vitale contends that the ALJ's failure to provide any explanation for the omission

of those limitations not only violated a well-established rule, *see Fleischer v.*

*Astrue*, 774 F. Supp.2d 875, 881 881 (N.D. Ohio 2011) (Lioi, J.), but also resulted

in an RFC that was inconsistent with the ALJ's stated analysis of the medical

evidence in the record — a substantive error that renders this issue unreviewable

by this Court.  *See e.g.*, *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 499 (6th Cir.

2014) (finding that the Commissioner's position was not substantially justified

where "[s]everal of the ALJ's errors in analysis were plainly contrary to law").  As

such, Vitale argues this case does not fall into the small category of cases described

in *DeLong*.

Vitale also argues that the ALJ's decision was not substantially justified

because it was contrary to fact.  While the ALJ gave "some" weight to the opinions

of Dr. Kosal, Vitale asserts that a review of Dr. Kosal's records clearly indicates

that the ALJ simply chose to ignore medical records and opinions, opting instead
to give a simplified diagnosis which did not comply with the standards set forth in
*Gayheart*.  The ALJ noted Vitale's medical limitations as: "general anxiety
disorder, organic mood disorder, alcohol dependence and chronic headaches."  (Tr.
13). The ALJ rejected Vitale's claim that she suffered from a traumatic brain injury
citing lack of objective evidence.  (Tr. 14).  Vitale maintains that Dr. Kosal's
reports clearly indicate medical limitations and conditions far worse than the
findings made by the ALJ.  For example, in Dr. Kosal's report dated 4/30/2015,
which was consistent with her treatment records, Dr. Kosal noted bilateral tremors,
poor coordination and limitations to standing and walking less than 2 hours in a
workday along with the inability to sit less than 6 hours per day.  (Tr. 848).
Limitations were also noted relating to memory, sustained coordination, following
simple instructions, and social interaction.  (Tr. 848).  Dr. Kosal cited "prior
suicide attempts, childlike coping and attention difficulties as reasons for the
limitations," (Tr. 848) a diagnosis of "Attention Disorder, Prior Suicide Attempt,
Closed Head Injury, Post Concussive Syndrome, Mood Disorder and Memory
Loss."  (Tr. 847).  Vitale asserts that Dr. Kosal's findings and opinions were not
explained in the decision and the conditions stated were ignored.  Further, this
information was not addressed in the decision or incorporated into the explanation
of the formulation of the RFC which was utilized to deny benefits at Step 5 of the

11

Sequential Analysis in a manner found to be "plainly lacking under *Gayheart*."

(Dkt. 23, p. 7).  Rather, in her single-sentence analysis, the ALJ stated that Dr.

Kosal's opinion limiting Vitale to part-time work was not supported by or

consistent with the objective medical evidence of record.  Yet, according to Vitale,

the ALJ ignored objective evidence including diagnostic "mildly diminished

activity on the right posterior fossa mostly cerebellum, and in the posterior low left

frontal or frontal temporal region.  Findings are consistent with diminished

metabolism at the sites."  (Tr. 749).  Thus, Vitale contends that the ALJ failed to

factor or reiterate these objective findings into her decision which was found to fall

short of the agency's procedural requirements.  (Dkt. 23, p. 7).  Vitale asserts that

to deny her EAJA fees would violate public policy, given that the decision was

clearly deficient and violated substantive case law along with agency requirements.

3.    Analysis and Conclusion

In *DeLong*, the Sixth Circuit noted that a district court's finding on the issue

of substantial justification "carries considerable weight on appeal."  *Cunic-*

*Goodman v. Comm'r of Soc. Sec.*, 2019 WL 935209, at *3 (W.D. Mich. Feb. 26,

2019) (quoting *Delong*, 748 F.3d at 726).  "The Court of Appeals left no doubt that

the touchstone of the district court's analysis must be whether the defendant

discharged her burden on substantial justification 'by demonstrating that the

position had a 'reasonable basis in both law and fact.''"  *Cunic-Goodman*, at *3

(quoting *Delong*, 748 F.3d at 726).  With these principles in mind, the undersigned concludes that the Commissioner has not established that this case falls within the narrow category of cases described in *DeLong*.  Indeed, "critical" to the Sixth Circuit's holding affirming the district court's rejection of attorney's fees in *DeLong* was the lower court's express finding that the record did not strongly establish an entitlement to benefits.  *Id*. at 726.  There was no such finding in this case – either in the report and recommendation or the opinion and order remanding this matter back to the Commissioner.  The lower court in *DeLong* also noted that it had rejected all but one of the plaintiff's arguments and that the plaintiff had "wasted a significant portion of her brief arguing that the Commissioner's decision should be overturned on the basis of evidence that she never presented to the ALJ," which was "patently improper."  *DeLong v. Comm'r of Soc. Sec.*, 2013 WL 2368000, *1 (W.D. Mich. May 29, 2013).  In this case, Vitale did not pursue any such "patently improper" arguments,[1] which also distinguishes the present situation from *DeLong*.

---

[1] Notably, the Sixth Circuit has declined to accept the rejection of all but one of the plaintiff's claims in the underlying action as a sole ground to demonstrate that the commissioner is substantially justified.  *See Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498-499 (6th Cir. 2014) ("*Pierce* [*v. Underwood*, 487 U.S. 552, 559, (1988)] does not reduce the 'substantially justified' standard to a matter of comparing the number of successful claims to unsuccessful claims in a single appeal.").

Significantly, the lower court in *DeLong* indicated that the remand decision was a "close case," based on the *Gayheart* decision, which was published long after the original briefing on the merits in *DeLong*. *Id.* at *2. In this vein, the lower court acknowledged that at the time of briefing the matter, the landscape was different because of the subsequent publication of *Gayheart*, which clarified the Commissioner's burden in analyzing first whether a treating opinion is entitled to controlling weight and if not, then separately analyzing the appropriate weight to be given to such opinion in light of the regulatory factors. Unlike *DeLong*, the Commissioner here "has not shown that this case presented an issue like determining what constitutes sufficiently good reasons, where the 'lines of demarcation' were not clear." *Cunic-Goodman*, 2019 WL 935209, at *3. More specifically, *Gayheart* was published well before both the ALJ's decision in this case and the Commissioner's arguments in this Court. The lines of demarcation, which were less clear before *Gayheart*, have been well-developed since *Gayheart* was issued in 2013. *DeLong*, 748 F.3d at 728 ("*Gayheart* also helped identify which reasons will later be found to be sufficiently good reasons on appellate review.") (quotation mark omitted). That is, the Commissioner has not established that it relied on unsettled law or that the legal issue was "uncharted" and courts in the circuit have reached varying conclusions. *See e.g.*, *Pope v. Comm'r of Soc. Sec.*, 2017 WL 2374827, at *3 (E.D. Mich. Mar. 3, 2017), report and

recommendation adopted, 2017 WL 2351737 (E.D. Mich. May 31, 2017) ("The Commissioner is quite correct that, where presented with a largely uncharted principle of law, and upon which courts around the circuit and nation have reached varying conclusions, the Commissioner's decision to defend one side over another is surely 'substantially justified.'"); *Chene v. Comm'r of Soc. Sec.*, 2017 WL 840422, at *2 (E.D. Mich. Mar. 3, 2017) ("There was no controlling, Sixth Circuit precedent addressing the question of whether such an omission could ever constitute harmless error. The Commissioner, therefore, reasonably relied on a factually similar but non-binding opinion finding harmless error where 'the ALJ did not explicitly state the weight he afforded' to a treating physician opinion.").

Furthermore, the Commissioner's characterization of the ALJ's error as merely one of articulation would seem to oversimplify the Court's ruling. *Cunic-Goodman v. Comm'r of Soc. Sec.*, 2019 WL 935209, *3 (W.D. Mich. Feb. 26, 2019) (Noting that the *DeLong* case does not actually speak in terms of "articulation" errors). Indeed, while it is accurate to say that the court found the ALJ to have committed a procedural error, that statement does not provide a complete picture of the ruling, which called for more than a better explanation of good reasons. In fact, the Court explicitly adopted the "R&R to the extent that it recommends remanding for further *evaluation* of Dr. Kosal's opinions." (emphasis

supplied).  Each of these two points distinguish Vitale's claim for attorney's fees from the plaintiff's in *DeLong*.

Indeed, the Court in *Irizarry v. Comm'r*, 2015 WL 261272 (N.D. Ohio Jan 21, 2015) contrasted the cases using the "mere articulation error" characterization of *DeLong* from those cases where the Commissioner's position was deemed not substantially justified.  On one hand, "where remand is based solely on an ALJ's failure to describe his findings accurately, the government's position is usually found substantially justified."  *Id*. (citing *Hoffman v. Comm'r of Soc. Sec.*, 2012 WL 3758657 (N.D. Ohio 2015) (the court denied plaintiff's application for EAJA fees because the ALJ referenced the doctor's reports, rejected conclusions made therein, and only "failed to explain the weight given to the opinions of his treating physician."); *DeLong v. Comm'r of Soc. Sec. Admin*., 748 F.3d 723 (6th Cir. 2014) (denying EAJA application because "the fatal flaw in the ALJ's opinion [wa]s not in the weight he found was appropriate for the various medical opinions, but rather in his failure to explain his findings adequately") (quoting the district court's decision)); *Damron v. Comm'r of Soc. Sec*., 104 F.3d 853, 855 (6th Cir. 1997) (denying EAJA application where the ALJ did not provide good reasons for the weight given to a treating physician, but his reasons were adequately explained by other facts in the record).

In contrast, where the ALJ entirely failed to assign weight to a treating physician's opinion or provided perfunctory reasons for weight assigned, "courts have found the Commissioner was not substantially justified in defending the ALJ's decision because it was in direct violation of the agency's own regulations." *Irizarry*, at *3. In *Coy v. Astrue*, following the court's remand to the agency, the court awarded EAJA fees because the ALJ referenced the treating physician's opinions only by exhibit number and did not provide good reasons for the weight assigned. *Irizarry*, *3 (citing 2013 WL 1411137, at *2-3 (N.D. Ohio 2013) ("the only 'reasons' given by the ALJ for rejecting [the treating physician's] opinions were so conclusory and perfunctory as to be the equivalent of giving no reason at all")). And, in *Rego v. Comm'r of Soc. Sec.*, the court remanded because the ALJ entirely failed to assign weight to a treating physician's opinion. *Irizarry*, *4 (citing 2013 WL 1181443 (N.D. Ohio 2013)). Following remand, plaintiff's counsel moved for an award of EAJA fees. *Id*. The court explicitly rejected the Commissioner's attempt to classify the ALJ's failure to assign weight as an "articulation" error and awarded fees because remand was based on a denial of substantive rights and the failure to properly apply the treating physician rule. *Irizarry*, *4 (citing 2014 WL 825219, at *2 (N.D. Ohio); *see also Jeffries v. Comm'r of Soc. Sec.*, 2014 WL 1394411, at *3 (N.D. Ohio) (awarding fees where

the ALJ failed to adhere to its own procedural rules and rejecting the Commissioner's argument that such failure is a mere articulation error)).

In this case, the District Court concluded that the ALJ's analysis of Dr. Kosal's opinions required reversal because the "single-sentence analysis does not discuss any of the other § 1527(c) factors or otherwise assess the weight give[n] to Dr. Kosal's opinion in light of those factors."  (Dkt. 23, pp. 7-8).  Here, while the decision speaks of a failing to follow a "procedural requirement," the District Court expressly found that the ALJ did not assess Dr. Kosal's opinions considering the factors set forth in § 1527(c), which is a substantive error.  *See e.g.*, *Noell v. Colvin*, 2016 WL 3952114 (N.D. Ohio July 22, 2016) (The Commissioner's position found not substantially justified where the ALJ's error resulting in the remand of the instant case resulted from the failure to "provide reasons as to why the opinion of the treating physician was discounted, and [the omission of] portions of the treating physician's opinion without explanation," which was deemed not "purely procedural," but also "substantive in that the ALJ failed to provide adequate reasoning for the decisions regarding the weight afforded to the opinion of Plaintiff's treating physician."); *Green v. Comm'r of Soc. Sec.*, 2015 WL 7259789 (N.D. Ohio Nov. 17, 2015) (Commissioner's position not substantially justified and error found to be substantive, not just procedural, given the lack of compliance with agency's own regulations -- the treating physician rule -- coupled

with findings that the ALJ did not discuss the entirety of the treating physician

opinions, appeared to weigh only select portions of those opinions, and the

reasoning for the weight assigned was only cursory.).  In the view of the

undersigned, the District Court's decision concludes that the ALJ directly violated

the treating physician rule as opposed to failing to adequately explain her findings.

Indeed, the ALJ's analysis of Dr. Kosal's opinions can be described as

"perfunctory."  *See Coy v. Astrue*, at *2-3.  Thus, this case does not fall within the

narrow scope of *DeLong*.

The Commissioner also relies on *Biestek*, *Allen*, and *Heston* for the

proposition that the ALJ's analysis of Dr. Kosal's opinions should have passed

muster.  *Heston* stands for the unremarkable position that judicial review of the

Commissioner's findings must be based on the record as a whole.  *Id*. at 535.  In

*Allen*, while the ALJ's rationale for rejecting the treating physician's opinion was

limited to only one sentence, the court concluded that the one sentence was

sufficient because it explained that the treating physician offered opinions on the

plaintiff's credibility – an issue reserved to the Commissioner and thus was not

medical opinion.  The court concluded that the ALJ had stated good reasons for not

giving weight to this opinion.  *Id*. at 652.  *Biestek* is also distinguishable from the

present circumstances.  The Court found that the ALJ had given good reasons

where one opinion was assigned minimal weight because the treating physician

had not treated the plaintiff in over two years and the second opinions were

inconsistent with the MRIs and other notable medical evidence in the record. *Id*. at

*4. In contrast, here, the ALJ did not cite any medical evidence in the record to

support the rejection of Dr. Kosal's opinion that Vitale was only capable of part-

time work, despite the Commissioner's argument that the ALJ indirectly attacked

Dr. Kosal's opinions. (Dkt. 21, p. 17). This rejection is particularly difficult to

square with the ALJ's determination that the remainder of Dr. Kosal's opinion was

also only entitled to "some weight," despite the express conclusion that only the

part-time work limitation was unsupported by the objective medical evidence of

record. (Tr. 19). As such, the foregoing cases relied on by the Commissioner are

distinguishable from this case and do not suggest that the Commissioner's position

here was substantially justified. Vitale is, therefore, entitled to an EAJA fee award.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that (1)

plaintiff's motion for attorney fees be **GRANTED**; and (2) that fees in the amount

of $5,512.50 be awarded to plaintiff, subject to an amended EAJA petition if this

report and recommendation is adopted.

The parties to this action may object to and seek review of this Report and

Recommendation but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge. *7 Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 26, 2019               s/Stephanie Dawkins Davis
                                   Stephanie Dawkins Davis
                                   United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on <u>March 26, 2019</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov
